PEZO *v*. COUNTY OF TUSCOLA.

SAME *v*. LESTER.

WATERS AND WATERCOURSES—FLOWING WELLS—INJUNCTION—DAMAGES.

In suit by plaintiff, a farmer living on one side of a county highway, against county and a farmer living across road to enjoin defendants from casting water upon plaintiff's land from ½-inch flowing well on defendant farmer's land and to have an award for damages suffered, finding of trial judge of no damages to plaintiff either presently or in the past from such flow *held*, supported by record.

Appeal from Tuscola; Cramton (Louis C.), J. Submitted April 12, 1938. (Docket Nos. 71, 72, Calendar Nos. 39,994, 39,993.) Decided June 6, 1938. Rehearing denied June 30, 1938. Reconsideration denied October 3, 1938.

Separate bills by John Pezo and Eva Pezo against County of Tuscola and Miles Lester to restrain the flowing of water on plaintiffs' land and for a money decree for damages. Cases consolidated for trial and appeal. Bills dismissed. Plaintiffs appeal. Affirmed.

*John R. Rood,* for plaintiffs.

*Bates Wills,* for defendant county.

*Maurice C. Ransford,* for defendant Lester.

Wiest, C. J. Bills in these cases were filed to enjoin defendants from casting water upon plaintiffs' land, and to have an award for damages suffered.

For the purposes of hearing the cases were consolidated in the circuit court and will be so considered here.

Plaintiffs have an 80-acre farm on the west side of a county highway in Freemont township, Tuscola county, and defendant has a farm directly opposite. Defendant has a flowing well of small capacity upon his farm and plaintiffs claim that, since March, 1935, when the well was opened, water therefrom ran to the highway, flowed along the east side of the highway about 100 feet, then through a sluice to the west side of the road and down that side for three or four rods and then upon their premises, rendering a strip of their land, 15 feet wide and 380 feet long, wet and unsuitable for cultivated crops.

The water from the well has ceased causing trouble, but the neighbors are not at rest.

The circuit judge found:

"The spot in question is the low place in a rather limited area. From the Pezo home there is a gradual slope to the center of this spot with a drop of about four feet. There is also a drainage from the south toward this same spot. There was formerly an open ditch across this six-acre field which defendant Lester testified he plowed under when working the field for his ·father before Pezo bought the land. At the time Pezo bought the 80 acres the ditch and the sluice situation in the highway was substantially as now and the surface water from several acres of his land, as well as surface water from the highway and some adjacent lands was thrown upon the Pezo land at the point now subject to complaint.

"Plaintiffs make no complaint concerning the surface water so thrown upon his land. He does claim

that he is substantially injured by the addition of
the water from the Lester flowing well, and asks
that continuance of damage from that source be
enjoined, and that he be compensated for past injury
from that source.    There is no question as to his
legal right to protection against added water bur-
dens.    If there is damage to him by reason of water
coming upon his land from the flowing well in ques-
tion he is entitled to have the nuisance stopped and
to be compensated. * * *

"By agreement of counsel, the court inspected the
premises in question in company with counsel for all
parties, and in company with Mr. Pezo and Mr.
Lester.    The visit was just following a very heavy
rainstorm of a few hours before, so that nothing
could be determined at that time as to the travel
of the water from the Lester well.    The stream of
water coming from the Lester well· is not, however,
above one-half inch in diameter.    It does not come
forth with any force.    It is a very limited flow of
water.    Bearing in mind this is a sandy country,
allowing for seepage and evaporation, the present
flow from that well, apart from any surface water
condition, would not reach the Pezo premises in
sufficient volume, if at all, to inflict damage.

"Plaintiff Pezo testified that about April 15, 1937,
the flow of water from the Lester well very mate-
rially was reduced and he advanced the theory that
Lester then reduced it by some mechanical means
due to the commencement of the Lester suit which
was commenced in February.    Mr. Lester testified
that at no time has anything been done to reduce
the flow. * * *

"Whether, because of underground conditions
the flow of water from the well is any less than origi-
nally does not definitely appear.    It is the opinion of
the court from all the evidence, as well as from the
inspection of the well, that there never has been
sufficient flow from the well to inflict damage on the

Pezo land. If my (by) reason of underground conditions, not now to be foretold, there should be a material increase in the flowage from the well, the disposition now being made of the present litigation would not prevent a determination of the issues arising under such changed conditions.

"It not being shown that any damage is being caused to the lands of the plaintiffs by water from the Lester well, there is no cause of action and both suits are dismissed."

The records bring us in accord with the views entertained by the circuit judge, and the decrees below are affirmed, with costs to defendants.

Butzel, Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.